IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                                                                  No. 22-cv-0296 WJ-GBW

GEORGE STEPHENSON, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kevin Ogden's post-judgment motions and letters to reopen. *See* Docs. 12, 14, 15 and 16. Ogden is a state prisoner and is proceeding *pro se*. Ogden asks the Court to set aside the ruling dismissing his 28 U.S.C. § 2241 habeas petition. *See* Doc. 10 (Dismissal Order). The Court dismissed the petition without prejudice after Ogden failed to address the $5.00 habeas filing fee as directed. The Court previously mailed Ogden a blank motion to proceed *in forma pauperis*; explained the filing fee requirements under 28 U.S.C. § 1915; and directed him to either prepay the fee or return a completed *in forma pauperis* application within thirty days. *See* Doc. 8 (Cure Order). The Cure Order warned that the failure to timely comply would result in dismissal without further notice.

Ogden did not comply and instead filed a Motion for Status of Case. *See* Doc. 9. That motion does not request an extension/clarification, nor does it address the filing fee requirement or Cure Order. The motion contains substantive arguments why Ogden's custody is illegal and states that "[a]s a matter of equity and expediency the case should be disposed of as soon as possible." Doc. 9 at 2. The Court determined the motion failed to show cause for Ogden's failure to comply

with 28 U.S.C. § 1915/the Cure Order and entered the Dismissal Order on December 9, 2022. The Dismissal Order specifies the dismissal is entered without prejudice to refiling a new § 2241 petition.

Ogden filed his first post-judgment submission within 28 days after entry of the Judgment, but some were filed later. *See* Docs. 12, 14-16. The Court will therefore analyze whether there are grounds for relief under Fed. R. Civ. P. 59 and 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60). Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Ogden's post-judgment filings present several different explanations for not paying the filing fee pursuant to 28 U.S.C. § 1915 and the Cure Order. He initially maintains he never received that Order, was surprised by the Dismissal Ruling, and has not been receiving mail at the

2

Penitentiary of New Mexico.[1] *See* Doc. 12. Ogden alleges he would "have sent the five dollars if [he] knew about it" because his habeas "petition affects the whole country." *Id.* at 1. Ogden also appears to allege the Clerk's Office caused him to miss the payment deadline by filing exhibits/pleadings intended for another § 2241 proceeding (*Ogden v. Hagerman,* No. 22-cv-801 JCH-JMR) in this case (*Ogden v. Stephenson*, No. 22-cv-296 WJ-GBW). Ogden's first post-judgment filing fails to explain how any misfiled exhibits impacted his receipt of the Cure Order and/or ability to comply with the filing fee requirement. Ogden eventually paid the $5 fee in this case on January 10, 2023, after the case was closed. The accompanying letter states he was sending the fee for a "third time" but does not allege he tried to send it before entry of the Dismissal Order. *See* Doc. 15.

In a later filing, Ogden appears to admit he received the Cure Order when it was mailed, but he confused the requirements of this § 2241 habeas case and his other pending § 2241 habeas case (No. 22-cv-801 JCH-JMR). The docket reflects Cure Orders were entered in both § 2241 cases in November of 2022. Ogden paid the filing fee in 22-cv-801 JCH-JMR but not in this case. Ogden states: "Due to the confusion … when he was notified to pay the five dollar filing fee [in this case], he thought the court had made a mistake." Doc. 16 at 2. Ogden goes on to suggest his pre-dismissal motion seeking a case status (Doc. 9) was intended to clear up this confusion. However, he does not explain why that motion only contains substantive allegations and makes no mention of the filing fee requirement or Cure Order.

---

[1] Ogden speculates that any mailing issue may be attributable to the fact that the New Mexico Corrections Department processes certain mail through a facility in Florida. However, only *incoming, personal* mail is processed at the Florida location; all legal mail is still processed at each local facility. *See* Memo Re: Inmate Mail Changes dated December 29, 2021, available at https://www.cd.nm.gov/.

Regardless of which explanation is true, Ogden's post-judgment filings fail to demonstrate grounds for relief under Rules 59 or 60. There is no authority that defines excusable neglect or manifest injustice to include situations where the litigant construed a court order as erroneous and then disregarded its instructions. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and considering the factors governing excusable neglect, including prejudice, length of delay, whether the issue was within the reasonable control of the movant, and good faith). It is unclear why Ogden believed the Cure Order was entered by mistake, since he knew he had two pending § 2241 cases in 2022. Ogden has filed at least four prior habeas cases in this Court and appears to know about the filing fee requirement. *See* Case Nos. 01-cv-658 JAP/RLP; 05-cv-1316 JB-WPL; 14-cv-154 RB-LAM; and 21-cv-1094 KG-KK.

Even if Ogden could show excusable neglect/mistake, or that he did not receive the Cure Order at all, reopening the case is still not required under Rules 59 or 60(b). The consideration on a motion to reopen "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The instant case was dismissed without prejudice. "[T]here is no statute of limitations for petitions invoking § 2241," so Ogden can simply refile his claims. *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021). Ordinarily, that would require payment of another $5 filing fee. *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10 (noting filing fees cannot be refunded, "even if a party filed the case in error or the court dismissed the case or proceeding"). However, it appears Ogden can avoid that expense by simply amending his § 2241 petition in Case No. 22-cv-801 JCH-JMR to include all § 2241 claims he wishes to present. That case is still in screening; Respondents have not yet been served;

4

and it appears Ogden can amend as a matter of right under Fed. R. Civ. P. 15. The post-judgment filings offer no explanation as to why Ogden would need to prosecute two concurrent § 2241 petitions at the same time, in addition to his two other pending petitions that appear to raise claims under 28 U.S.C. § 2254 (Case Nos. 23-cv-245 JB-JMR and 23-cv-447 JB-KBM). Accordingly, the Court concludes Ogden has opportunity to prosecute any claims that were dismissed by filing a new case or raising all relevant § 2241 claims in Case No. 22-cv-801 JCH-JMR. The Court will deny Ogden's post-judgment filings for this reason, and after careful consideration of all relevant factors under Rule 59, Rule 60, and *Pioneer*.

**IT IS ORDERED** that Petitioner Kevin Ogden's motions and letters seeking reconsideration (**Docs. 12, 14, 15, 16**) are **DENIED**.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE